FILED

Gary S. Casselman - State Bar Nº 81658
Danielle L. Casselman, State Bar Nº 170622
LAW OFFICES OF GARY S. CASSELMAN
3415 South Sepulveda Boulevard, Suite 370
Los Angeles, California 90034
Tel: (310) 390-4406 Fax: 310/ 390-4533
E-mail: gary.casselman2@verizon.net

Attorneys for Plaintiffs

2008 OCT 28  PM 3: 23

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| BRUCE DOUGHERTY, JONATHAN DOUGHERTY,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF COVINA, ROBERT "ROB" BOBKIEWICZ, KIM RANEY, DOES 1 through 10,<br><br>Defendants. | CASE NO. CV08-07114 R (SSx)<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. VIOLATION OF CIVIL RIGHTS - 42 U.S.C. § 1983 (Unreasonable Search / Seizure)<br><br>2.& 3. VIOLATION OF CIVIL RIGHTS - 42 U.S.C. § 1983 (Municipal/Supervisor Liability) |
|---|---|

## INTRODUCTION

This is an action by plaintiff BRUCE DOUGHERTY, a respected, fully credentialed, tenured school teacher of many years, who was wrongfully and without factual basis accused of unprofessional conduct with a minor female student, then, due to an overzealous police officer and an errant judicial officer, subjected to an unreasonable search and seizure of his residence by police officers, all in violation of his constitutional rights. Plaintiff JONATHAN DOUGHERTY, adult son of plaintiff BRUCE DOUGHERTY, at all times material resided at the family residence in the City of Glendora, California was also present and subjected to an unreasonable search and seizure by the same defendants.

1

## JURISDICTION

1. This case is brought pursuant to 42 U.S.C. §§ 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1-4).

## VENUE

2. The claims alleged herein arose from events or omissions occurring in the County of Los Angeles. Therefore, venue lies in the Central District of California. 28 U.S.C. 1391 (b)(2).

## PARTIES

3. Plaintiffs BRUCE DOUGHERTY and JONATHAN DOUGHERTY are individuals, who were at all times material herein, residents of the City of Glendora, County of Los Angeles, State of California.

4. At the time of the events alleged hereafter, plaintiff BRUCE DOUGHERTY was a gifted, highly qualified, fully tenured teacher who earned and held multiple state credentials for many years, employed with the Charter Oak Unified School District. His personnel record until the events hereinafter alleged showed that he "Meets All District Standards" and was without any substantial discipline. He had a satisfying and rewarding career, held in high esteem by fellow teachers, administrators and his employer.

5. Plaintiff JONATHAN DOUGHERTY was at all times material an adult college student residing with his parents, including plaintiff BRUCE DOUGHERTY.

6. Defendant CITY OF COVINA is a duly constituted governmental entity in the State of California, and is, or was the employer of KIM RANEY, Chief of Police, who is sued in his individual capacity, as well as Does 1-10, who are sued in their individual capacities.

7. Defendant ROBERT "ROB" BOBKIEWICZ was at all times material herein a sworn police officer employee of defendant CITY OF COVINA.

8. At all times material herein defendant police officers were acting

under color of state law as police officers.

9. The true names and capacities of defendants sued herein as Does 1 through 10 are currently unknown to plaintiff, and he therefore sues said other defendants by fictitious names.

10. Plaintiff is informed and believes and based thereon alleges that all defendants sued herein as DOES are in some manner responsible for the acts herein alleged. Plaintiff will seek leave of court to amend this complaint to set forth their true names and capacities, once those are ascertained.

11. All defendants were, at all times relevant and material to this complaint, acting within the course and scope of their employment and duties for the City and under color of law. Each of the individual defendant's acts was known to, discovered by, approved and/or ratified by defendant CITY OF COVINA, hereinafter "City") by and through their employees, agents or servants in the scope of such employment, agency or service.

12. Plaintiff timely filed a lawsuit in United States District Court for the Central District of California against all defendants herein on or about February 20, 2008, Case Number CV 08-1149 PA (CT). Said complaint was timely served.

13. On August 12, 2008 plaintiffs timely provided their response to the Court's earlier Order to Show Cause re Misjoinder of Claims (FRCP Rule 20).

14. On August 28, 2008 the Court issued a lengthy order regarding dismissal of the "Police Defendants", pursuant to FRCP Rule 21, which was apparently e-mailed by the U.S. District to plaintiff's counsel, but not read or understood at that time, as it was saved to plaintiff's counsel's file on October 20, 2008. The dismissal was without prejudice to refiling the action.

15. Pursuant to the doctrine of Equitable Tolling, the within filing of the instant complaint relates back to the date of its earlier filing as part of Case Number CV 08-1149 PA (CT). Further, as noted by the Court in its aforesaid Order: "Plaintiffs may refile their claims against the Police Defendants in a separate action."

3

16. Thus, this complaint is not an original proceeding, but a "refiling", albeit in a separate action.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17. At all times material, plaintiff BRUCE Dougherty has been and is employed as a school teacher with the District. Plaintiff is and has been well-qualified for the positions he has sought and held. Plaintiff has performed competently and satisfactorily in the positions he has held with the District.

18. According to an Accusation untimely placed in plaintiff's personnel file without timely notice to him, plaintiff was accused of inappropriate contact during class with a diminutive female sixth grade student during school year 2006-2007. Plaintiff alleges that the purported incident occurred on or about September 22, 2006.

19. On or about September 27, 2006, plaintiff received a letter stating that law enforcement, *inter alia*, were looking into allegations against him.,

20. No hearing was scheduled, nor was Plaintiff Bruce Dougherty provided a meeting at which he had the opportunity to confront his accuser(s).

21. Plaintiff alleges that an unknown person or persons, alleged as DOES 1-2, provided stale and false information to the City of Covina police department and/or members thereof in retaliation for plaintiff's activism in promoting educational opportunities and programs at Royal Oak Intermediate School which its administrators viewed as an encroachment on their powers and/or prerogatives.

22. On or about October 12, 2006 plaintiff BRUCE DOUGHERTY and his son, Jonathan, where at home at or about 10:20 a.m. when approximately five police officers from the City of Covina Police Department and one from Glendora arrived, including but not limited to defendant Covina officer ROBERT "ROB" BOBKIEWICZ who demanded and received entry to plaintiff's residence on the purported authority of a search warrant lacking sufficient indicia of probable cause

such that any reasonable police officer would know that it was a violation of plaintiff's civil rights to be free of an unreasonable search and seizure under the Fourth Amendment to the United States Constitution, as well as Article I, Section 13 of the California Constitution.

23. Plaintiff Bruce Dougherty repeatedly asked defendant BOBKIEWICZ and two other Covina officers to see the search warrant claimed to be the authority under which the search was executed. The Covina Police Department defendants failed and refused to show a copy of the search warrant, then finally claimed that defendant BOBKIEWICZ had left it at the police station.

24. Several members of the Covina Police Department, currently unidentified to plaintiffs, drew their handguns went upstairs and pointed them at plaintiff's sleeping son, Jonathan. Plaintiff Bruce Dougherty was prevented from going upstairs with some of the officers to wake up his son.

25. Plaintiff and his son were seized; Plaintiff Bruce Dougherty was ordered to sit on the family room couch while being detained there by one of the currently unidentified Covina police officer defendants. Jonathan was ordered to either leave the residence (after just being awakened at gunpoint) or to remain on the couch under guard.

26. Plaintiff and his son were shocked, scared and humiliated by the violation of their right to be free of an unreasonable search and seizure.

27. Despite seizure of numerous items, including computers and related computer items, nothing was returned until December 27, 2007. As of the date of filing of this lawsuit in 2008 there has been no prosecution filed, nor an apology or explanation by defendant CITY OF COVINA, BOBKIEWICZ or any other agent, servant or employee of said City.

28. The affidavit for search warrant prepared and attested to by defendant BOBKIEWICZ was so deficient in the indicia of probable cause that no reasonable police officer could believe that probable cause existed to search plaintiff's residence.

Nonetheless, the warrant was negligently signed by a state court magistrate.

29.  Plaintiff alleges a conspiracy between Does 1 through 4 and others unknown to him at this time and with the City of Covina police department and members thereof in retaliation for his First Amendment right to protest and object to the high handed treatment that he was given in violation of his due process rights and other statutory and contractual rights to defend himself.

### FIRST CLAIM FOR RELIEF

BY PLAINTIFFS BRUCE DOUGHERTY JONATHAN DOUGHERTY AGAINST DEFENDANTS CITY OF COVINA, ROBERT "ROB" BOBKIEWICZ, AND DOES 5 – 10 FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) – FOURTH AMENDMENT, UNREASONABLE SEARCH AND SEIZURE

30.  Plaintiffs repeat and reallege the allegations of paragraphs 1 through 29, as though fully set forth herein *verbatim*.

31.  On or about September 26, 2006, Plaintiff was contacted in person by a female African American uniformed Covina police officer and asked to make a statement regarding a classroom incident on or about September 22, 2006.

32.  On the advice of his union representative, passing along information from counsel, Plaintiff BRUCE DOUGHERTY politely declined to give a statement.

33.  On October 12, 2006 defendants CITY OF COVINA, ROBERT "ROB" BOBKIEWICZ executed a search warrant so lacking in the indicia of probable cause that no reasonable officer would believe that he could lawfully act upon or rely upon it to justify entry and search of plaintiff's residence at 245 N. Hacienda Avenue, Glendora, California.

34.  The information provided to defendants by Does 1–4, currently unknown to plaintiffs, was stale and was of the type for which no evidence would likely be found at that location or on that date.

35. Defendants BOBKIEWICZ and Does 5 – 10 entered plaintiffs' home without permission, but without resistance by Plaintiff BRUCE DOUGHERTY in acquiescence to the purported authority of the warrant – which defendants did not physically possess or show at the time of entry or during their presence there. Plaintiff did not give consent freely and voluntarily to the search, but as a law abiding citizen allowed entry.

36. Plaintiff is informed and believes that there were no allegations that anyone at the residence was violent or was expected to provide resistance, yet defendants had their handguns drawn in an unnecessary and frightening manner.

37. Plaintiff BRUCE DOUGHERTY was detained in his residence and made to sit on his couch under guard by an unknown officer, Doe 5.

38. Plaintiff JONATHAN DOUGHERTY was asleep at the time of said defendants' entry; Plaintiff BRUCE DOUGHERTY was refused his request to be accompanied by an officer while he went to wake up his adult son.

39. Plaintiff JONATHAN DOUGHERTY was awakened at gunpoint by Does 5–9 and taken downstairs where he was detained for 15-20 minutes outside the residence. Both plaintiffs were then escorted inside and detained on the family room couch.

40. Said defendants carelessly and/or recklessly handled property found at the residence, including but not limited to computer monitors placed face down on the tile entryway floor, causing scratches to the glass.

41. Said defendants allowed the plaintiffs' outdoor cat to enter by leaving the front door wide open during the search that took more than one hour. Plaintiff's concern was that their cat, "Madison", would claw the furniture, as she was not allowed inside other than the washroom. Ironically, "Madison" used the defendant officers' bulletproof vests, which were leaning against plaintiff's grandfather's clock in the entryway, for her scratching activity to their apparent unhappiness.

42. At the conclusion of the search when defendant BOBKIEWICZ was

handing an inventory of the items allegedly taken, he told plaintiff BRUCE DOUGHERTY that he "didn't interview with "[his] person" and "this created problems." This implied to Plaintiff that the search was in retribution for his perceived lack of cooperation, though Plaintiff BRUCE DOUGHERY had an absolute constitutional right not to give a statement to the police.

43. Plaintiff BRUCE DOUGHERY's repeated requests for a copy of the search warrant during the search, which were met with evasions and excuses. Finally, defendant BOBKIEWICZ promised to send a copy of the warrant to Plaintiff. He never did.

44. The manner of the search was unreasonable, haphazard, excessive and unprofessional. Said defendants seized property not described in the warrant or plainly not belonging to plaintiffs, all in violation of their Fourth Amendment right to be free of unreasonable search and seizure.

45. Plaintiffs suffered injury, harm and damage as a proximate result of their unreasonable search and seizure in an amount and manner according to proof at the time of trial.

**SECOND CLAIM FOR RELIEF**
**PLAINTIFFS BRUCE DOUGHERTY, JONATHAN DOUGHERTY**
**VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983**
**UNCONSTITUTIONAL POLICY CUSTOM OR PROCEDURE –(*MONELL*)**
**AGAINST DEFENDANT CITY OF COVINA**

46. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 45, as though fully set forth herein *verbatim*.

47. Defendant CITY OF COVINA has a *de facto* policy, custom or practice of inadequately investigating its police officer employees upon complaints of misconduct or, alternatively, of purporting to investigate in a manner that results in exonerating its employees of well-founded complaints to coverup misconduct by

its rank and file, such as obtaining and executing the subject search warrant without probable cause therefore by defendants BOBKIEWICZ and Does 5 – 10. The defendant officers' alleged misconduct was unexamined and undisciplined. Plaintiff is informed and believes that little or no oversight is exercised by the Covina Police Department to properly train, review and discipline its officers for their actions – in the field and elsewhere. This perpetuates and encourages further violations of citizen's constitutional rights because defendant CITY's officers believe that misconduct is tolerated and condoned.

48. Defendant CITY's policies or customs caused the specific violations of Plaintiffs' constitutional rights at issue in this case.

49. Defendant CITY's policies and/or customs were the moving force and/or affirmative link behind the violation of the Plaintiff's constitutional rights and injury, damage and/or harm caused thereby.

50. These policies, practices, customs and procedures are intentional and/or the result of deliberate indifference on the part of defendant CITY OF COVINA, by and through its decision makers. These include, but are not limited to, defendant KIM RANEY, the Chief of Police and his subordinates, as necessary to further these improper policies, practices, customs and procedures.

51. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to the plaintiff.

52. It is alleged that some or all of Plaintiff BRUCE DOUGHERTY'S injuries are of a permanent nature.

53. Plaintiff was required to incur expense and/or obligation for legal and/or medical, psychological or other professional services in an amount shown according to proof.

54. This damage included general and special damages, including but not limited to, past and future pain, suffering, emotional distress and other general and special damages, as alleged above, all to be proven at trial.

## THIRD CLAIM FOR RELIEF
## PLAINTIFFS BRUCE DOUGHERTY, JONATHAN DOUGHERTY
## VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983
## SUPERVISORY LIABILITY AGAINST DEFENDANTS
## CITY OF COVINA, KIM RANEY, ROBERT BOBKIEWICZ,

55. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 54, as though fully set forth herein *verbatim*.

56. Plaintiff alleges that the CITY OF COVINA and defendant KIM RANEY, police chief, failed to properly train, investigate, monitor, supervise, regulate, discipline, terminate or take other appropriate action against its employees in the incident[s] alleged herein, as well as for prior and subsequent incidents by its employees involving retaliation for protected activity, actually prompted by defendant CITY's officers and DISTRICT'S improper response to verbal criticism by citizens or other persons who then become arrestees or subject to search or other retaliatory action by the CITY's officers.

57. Defendant CITY had ample reason to know that its police officers were misusing their powers of arrest to punish verbal criticism by seeking and obtaining search warrants lacking the indicia of probable cause and/or making false arrests and/or unreasonable searches and seizures.

58. Defendant CITY OF COVINA so negligently screened, hired, trained, supervised, disciplined, investigated, terminated or otherwise conducted itself with respect to its employees and others involved in the subject incident and similar others involving criticism of its police officers by arrestees not meeting the threshold criteria for search or arrest, who notwithstanding same, were unreasonably searched or seized, so as to cause the violations of Plaintiffs' rights and/or be a moving force in causing it to occur.

59. Plaintiff alleges that Defendant CITY OF COVINA has an unconstitutional practice, custom and/or procedure of inadequately training its

employees, including, but not limited to police officers, detectives, sergeants and others in line, investigative or supervisory positions in the legal and ethical standards required of police officers, particularly with respect to making arrests, and the contours of the First and Fourth Amendments.

60. Plaintiff alleges that the Defendant CITY OF COVINA has, *inter alia,* an unconstitutional practice, custom and/or procedure of inadequately supervising its employees, including but not limited to its police officers, detectives and unsworn law enforcement related personnel, to ensure that they do not engage in misconduct such as false arrests and imprisonments, and violations of First Amendment rights.

61. Plaintiff alleges that the Defendant CITY OF COVINA has an unconstitutional practice, custom and/or procedure of failing to discipline, failing to investigate and of retaining personnel who falsely arrest or unreasonably detain or search persons or property in violation of constitutional rights.

62. The failure on the part of the Defendant CITY OF COVINA to carefully train, supervise, discipline, and, when necessary and proper, to discharge its employees who commit misconduct, amounts to deliberate indifference to the rights of persons who they detain, search or arrest, or alternatively, such reckless and/or callous disregard for the probable injuries to the civil rights of persons who are detained, searched or arrested to constitute deliberate indifference.

63. Plaintiff alleges that the consequence of the Defendant CITY OF COVINA's failure to adequately train, supervise and discipline its employees was a moving force in the unreasonable seizure and search of Plaintiff BRUCE DOUGHERTY and JONATHAN DOUGHERTY herein.

64. Defendants RANEY, BOBKIEWICZ and DOES 1-4 were deliberately indifferent to the fact that their policies and procedures were deficient, including the need for department wide training and retraining with respect to the proper contours of the First and Fourth Amendments.

65. The individual defendants each acted in a supervisory capacity with respect to plaintiff. In that capacity, each defendant, as well as Does 1-10, acted intentionally, maliciously, in conscious disregard, and with deliberate indifference of the rights of plaintiff. These supervisory failures directly caused and contributed to Plaintiff's damages.

66. As a legal result of each of the foregoing acts and deliberate omissions of defendants, and each of them, plaintiff suffered general and special damages, all to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs pray for the following relief:

1. For general damages according to proof;
2. For special damages, according to proof;
3. For prejudgment interest according to proof;
4. For reasonable attorney fees pursuant to 42 U.S.C. §§ 1983 and 1988, and any other applicable provision;
5. For punitive damages against the individual defendants pursuant to 42 U.S.C. §§ 1983, 1988 in an amount sufficient to deter and make an example of said defendants; and
6. For such further relief which is just and proper.

DATED:    October 28, 2008

LAW OFFICES OF
GARY S. CASSELMAN

By: _____
GARY S. CASSELMAN
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demands a jury trial.

Dated:   October 28, 2008

           LAW OFFICES OF
           GARY S. CASSELMAN

      By: _____
         GARY S. CASSELMAN
         Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV08- 7114 R (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)         NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Bruce Dougherty, Jonathan Dougherty | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV08-07114 R (SSx) |
| V. | |
| CITY OF COVINA, ROBERT "ROB" BOBKIEWICZ, KIM RANEY, DOES 1-10 | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Gary S. Casselman</u>, whose address is <u>3415 South Sepulveda Blvd., Suite 100, Los Angeles, CA 90034</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: <u>October 28, 2008</u>        By: _Natalie Honegcvic_
                                              Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                    SUMMONS                    CCD-1A

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Bruce Dougherty
Jonathan Dougherty

**DEFENDANTS**
CITY OF COVINA, ROBERT "ROB" BOBKIEWICZ, KIM RANEY, DOES 1-10

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Gary S. Casselman
Law Offices of Gary S. Casselman
3415 S. Sepulveda Blvd.
Suite 370
Los Angeles, CA 90034
310-390-4406

Attorneys (If Known)
Ross Trindle, III
Best, Best & Krieger
300 South Grand Avenue, 25th Floor
Los Angeles, CA 90071

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☒ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. 1983 (Unreasonable Search and Seizure), 42 U.S.C. 1983 (Municipal/Supervisory Liability)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | | BANKRUPTCY | | ☐ 790 Other Labor Litig. |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 555 Prison Condition | |
| ☐ 810 Selective Service | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 640 R.R. & Truck | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | | | ☐ 660 Occupational Safety/Health | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ No ☒ Yes
If yes, list case number(s): CV-08-1149 PA

**CV08-07114**

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)        **CIVIL COVER SHEET**        Page 1 of 2
                                                   CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?   ☐ No   ☒ Yes

If yes, list case number(s): CV-08-1149 PA

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

☒ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides.   (Use an additional sheet if necessary).

☒ Check here if the U.S. government, its agencies or employees is a named defendant.
Los Angeles

**List the California County**, or State if other than California, in which **EACH** claim arose.   (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** *[signature]*   Date 10/28/08

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |